

# UNITED STATES DISTRICT COURT
## IN THE EASTERN DISTRICT OF VIRGINIA
### (Alexandria Division)

CHANTAY Y. KENNEDY,                      :
13298 Leaf Crest Lane Apt. 204C          :
Fairfax VA  22033                        :
                Plaintiff,         :
                                :     CIVIL ACTION NO. 1:08 CV436
                                :                  LO/TRJ
v.                                       :
                                :
PHARMACIA CORPORATION                    :
100 Route 206                            :
North Peapack NJ  07977                  :
                and              :                  :
                                :     COMPLAINT AND JURY DEMAND
PFIZER, INC.                             :
235 East 42nd St.                        :
New York NY  10017                       :
                  Defendants.       :

## COMPLAINT

Plaintiff by attorneys THE MILLER FIRM, LLC alleges upon information and belief the following:

### STATEMENT OF THE CASE

1.      This is an action for damages relating to Defendants' design, manufacture, sale, testing, marketing, advertising, promotion and/or distribution of the unsafe medication Bextra, which caused Plaintiff to develop the debilitating skin disease known as Stevens-Johnson Syndrome.

THE MILLER FIRM, LLC
The Sherman Building
108 Railroad Avenue
Orange, Virginia 22960
(540) 672-4224
(540) 672-3055 facsimile

## PARTIES, JURISDICTION AND VENUE

2.     Defendant Pharmacia Corporation ("Pharmacia") is a Delaware corporation with its principal place of business located at 100 Route 206 North Peapack, New Jersey. Pharmacia was created through the merger of Defendants Pharmacia and Upjohn, Inc. and Monsanto Company on March 31, 2000.

3.     Defendant Pfizer, Inc. ("Pfizer") is a Delaware corporation with its principal place of business at 2355 East 42nd Street, New York, New York. Pfizer is one of the largest pharmaceutical companies in the United States, whether measured by number of prescriptions written, revenues, or market capitalization.

4.     At all times herein mentioned, Defendants were engaged in the business of the manufacturing, packaging, marketing, distribution, promotion, and sale of Bextra in Virginia and particularly in this district.

5.     Plaintiff Chantay Y. Kennedy, born August 27, 1977 lived in the City of Fairfax in the Commonwealth of Virginia at the times alleged herein.

6.     On August 21, 2006 Plaintiff was prescribed Bextra 10mg daily for a month-long pain which radiated from behind her left ear down into her left jaw, by Dr. Steven D. Larson at Fox Family Practice in Reston, Virginia.

7.     On August 21, 2006 Plaintiff was given samples of 10mg Bextra tablets, on August 21, 2006 by Dr. Steven D. Larson at Fox Family Practice in Reston, Virginia.

8.     Plaintiff ingested Bextra 10mg daily from August 15, 2006 through September 4, 2006 and suffered complication September 20, 2006 in Virginia.

9.     This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) because the amount in controversy exceeds $75,000.00 exclusive of interest and

THE MILLER FIRM, LLC
The Sherman Building
108 Railroad Avenue
Orange, Virginia 22960
(540) 672-4224
(540) 672-3055 facsimile

costs, and because this is an action by an individual Plaintiff who is a citizen of a different state from all Defendants.

10.     Venue is proper in this District pursuant to 28 U.S.C. § 1391.   A substantial part of the events or omissions giving rise to the claim occurred in this District:  i.e. Plaintiff ingested the drug, and developed and discovered the injury in this district.  Defendants advertised and sold the drug in this District, received substantial compensation and profits from sales of the drug in this District, and made material omissions and misrepresentations and breached warranties in this District.

## FACTUAL BACKGROUND

11.     Plaintiff used the arthritis medication Bextra, suffered a severe adverse reaction to Bextra, and as a result was diagnosed with Stevens-Johnson Syndrome.

12.     Defendants sold their product by misleading users about the product and by failing to adequately warn the users of the potential serious dangers which Defendants knew or should have known might result from consuming their product.   Defendants widely and successfully marketed Defendants' product Bextra throughout the United States by, among other things, conducting promotional campaigns which misrepresented the efficacy of Defendants' product Bextra in order to induce widespread use and consumption.  Defendants' product Bextra was represented to aid the pain and discomfort of arthritis, osteoarthritis and related problems. Defendants made misrepresentations by means of media advertisements, and statements contained in sales literature provided to Plaintiff's prescribing physician.

13.     As a result of claims made by Defendants regarding the safety and effectiveness of Defendants' product Bextra, Plaintiff suffered a severe adverse reaction inducing Stevens-Johnson Syndrome.  On September 20, 2006, at the age of twenty nine, Plaintiff was admitted to

THE MILLER FIRM, LLC
The Sherman Building
108 Railroad Avenue
Orange, Virginia 22960
(540) 672-4224
(540) 672-3055 facsimile

3

INOVA Fair Oaks Hospital in Fairfax, Virginia with a 104-degree fever, rapidly progressing exfoliative lesions over 70% of her body, and desquamating throat lesions from her oropharynx to her lips, as well as conjunctival effusion from her eyes. She was diagnosed with Stevens-Johnson Syndrome and transferred by helicopter to Johns Hopkins University Burn Center in Baltimore, Maryland that day. Plaintiff's injuries have resulted in an incredible ordeal marked by severe pain, and continued months of care and treatment at INOVA Hospital, Johns Hopkins Burn Center, and Fairfax Oral and Maxillofacial Surgery Clinic. To date, Plaintiff requires a doctor's care regularly to treat her condition. The Stevens-Johnson Syndrome and resulting injuries were a proximate cause of Plaintiff's ingestion of Defendants' product Bextra.

14.     Had Plaintiff known the risks and dangers associated with Defendants' product Bextra, or had Defendants disclosed such information to Plaintiff, she would not have taken Defendants' product Bextra and would not have suffered her adverse reaction and subsequent complications.

15.     Upon information and belief, as a result of the manufacturing and marketing Defendants' product Bextra, Defendants have reaped huge profits; while concealing from the public, knowledge of the potential hazard associated with the ingestion of Defendants' product Bextra.

16.     Defendants failed to perform adequate testing in that the adequate testing would have shown that Defendants' product Bextra possessed serious side effects with respect to which Defendants should have taken appropriate measures to ensure that their defectively designed product would not be placed into the stream of commerce and/or should have provided full and proper warnings accurately and fully reflecting the scope and severity of symptoms of those side effects should have been made.

THE MILLER FIRM, LLC
The Sherman Building
108 Railroad Avenue
Orange, Virginia 22960
(540) 672-4224
(540) 672-3055 facsimile

4

17.    Prior to the manufacturing, sale and distribution of Defendants' product Bextra, Defendants, through their officers, directors and managing agents, had notice and knowledge from several sources, prior to the date of the marketing and sale of Defendants' product Bextra to Plaintiff, that the products presented substantial and unreasonable risks of harm to the consumer. As such, said consumers, including Plaintiff, were unreasonably subjected to risk of injury or death from the consumption of Defendants' product Bextra.

18.    Despite such knowledge, Defendants, through their officers, directors and managing agents for the purpose of increasing sales and enhancing their profits, knowingly and deliberately failed to remedy the known defects of Defendants' product Bextra and failed to warn the public, including Plaintiff, of the serious risk of injury occasioned by the defects inherent in Defendants' product Bextra.  Defendants and their officers, agents and managers intentionally proceeded with the manufacturing, sale and marketing of Defendants' product Bextra, knowing that persons would be exposed to serious potential danger, in order to advance their own pecuniary interests.  Defendants' conduct was wanton and willful, and displayed a conscious disregard for the safety of the public and particularly of Plaintiff, entitling her to exemplary damages.

19.    Defendants acted with conscious and wanton disregard of the health and safety of Plaintiff, who requests an award of additional damages for the sake of example and for the purpose of punishing such entities for their conduct, in an amount sufficiently large to be an example to others, and to deter Defendants and others from engaging in similar conduct in the future.  The above-described wrongful conduct was done with knowledge, authorization, and ratification of officers, directors, and managing agents of Defendants.

THE MILLER FIRM, LLC
The Sherman Building
108 Railroad Avenue
Orange, Virginia 22960
(540) 672-4224
(540) 672-3055 facsimile

20.    As a result of ingesting the products manufactured, supplied, and/or sold by Defendants, on or about September 20, 2006, Plaintiff suffered severe, painful and permanent injuries, specifically, a severe adverse reaction and Stevens-Johnson Syndrome. As a result of the dangerously defective nature of Defendants' product Bextra at the time of manufacture and distribution, Plaintiff, by using Bextra, sustained the injuries and damages as herein alleged. To this day, Plaintiff has trouble with weakness, allergic reactions and frequently visits her physician in effort to forestall the effects of Stevens-Johnson Syndrome.

21.    As a direct and proximate result of Defendants' negligence as described herein, Plaintiff has sustained harm, including pain, permanent and debilitating injuries. These injuries have caused, and will continue to cause, extensive pain and suffering and severe emotional distress, and have substantially reduced Plaintiff's ability to enjoy life; and have caused, and will continue to cause, Plaintiff to expend substantial sums of money for medical, hospital, and related care, all to Plaintiff's general damage. Upon information and belief, Plaintiff will be required to obtain medical and/or hospital care, attention, and services in an amount as yet unascertained.

22.    As a result of the acts and omissions of Defendants, on or about September 20, 2006, Plaintiff suffered severe, painful and permanent injuries, specifically a Stevens-Johnson Syndrome and resultant injury, harm and economic loss as set forth herein.

## FIRST CLAIM FOR RELIEF
## STRICT PRODUCT LIABILITY - FAILURE TO WARN

THE MILLER FIRM, LLC
The Sherman Building
108 Railroad Avenue
Orange, Virginia 22960
(540) 672-4224
(540) 672-3055 facsimile

23.    Plaintiff incorporates by reference each and every paragraph of this complaint as though set forth in full in this cause of action.

24.    Defendants manufactured, marketed, distributed, and supplied Defendants' product Bextra.  As such, Defendants had a duty to warn the public including Plaintiff of the health risks associated with using Defendants' product Bextra.

25.    Defendants' product Bextra was under the exclusive control of Defendants, and was sold without adequate warnings regarding the risk of serious skin reactions, exfoliative dermatitis, erythema multiforme, Stevens-Johnson Syndrome, toxic epidermal necrolysis, and other risks associated with its use.

26.    As a direct and proximate result of the defective condition of Defendants' product Bextra, as manufactured and/or supplied by Defendants, and as a direct and proximate result of negligence, gross negligence, willful and wanton misconduct, or other wrongdoing and actions of Defendants described herein, Plaintiff has suffered, and will continue to suffer injury, harm, and economic loss as alleged herein.

27.    Upon information and belief, Defendants knew of the defective nature of Defendants' product Bextra but continued to design, manufacture, market, and sell Defendants' product Bextra so as to maximize sales and profits at the expense of the public health and safety, in knowing, conscious, and deliberate disregard of the foreseeable harm caused by Defendants' product Bextra and in violation of their duty to provide an accurate, adequate, and complete warning concerning the use of Defendants' product Bextra.

28.    Defendants failed to warn the public, Plaintiff, or her prescribing physicians of the dangerous propensities of Defendants' product Bextra, which dangers were known or should have been known to Defendants, as they were scientifically readily available.

29.    Defendants knew and intended that Defendants' product Bextra would be prescribed by physicians and would be used by persons with a prescription, without any

THE MILLER FIRM, LLC
The Sherman Building
108 Railroad Avenue
Orange, Virginia 22960
(540) 672-4224
(540) 672-3055 facsimile

7

inspection for defects. Defendants also knew that physicians and users such as Plaintiff would rely upon the representations made by Defendants on the product labels and in other promotional and sales materials upon which the Plaintiff and her prescribing physician did so rely.

30.    As a direct, legal, proximate and producing result of Defendants' sale of the product Bextra without adequate warnings regarding the risk of serious skin reactions, exfoliative dermatitis, erythema multiforme, Stevens-Johnson Syndrome, toxic epidermal necrolysis, and other risks associated with its use, Plaintiff has suffered, and will continue to suffer injury and harm, including extreme pain and suffering, severe emotional distress, reduced ability to enjoy life, permanent and debilitating injuries as previously alleged herein, including ascertainable economic loss, including the purchase price of Defendants' product Bextra, substantial sums of money for medical tests and treatment, hospital, and related care, future medical care and/or services, all to Plaintiff's general damage and other costs incidental to Plaintiff's ingestion of harmful and defective products, as well as other damages. Upon information and belief, Plaintiff will be required to obtain medical and/or hospital care, attention, and services in an amount as yet unascertained. As a result of the acts and omissions of Defendants, on or about September 20, 2006, Plaintiff suffered severe, painful and permanent injuries, specifically a Stevens-Johnson Syndrome and resultant injury, harm and economic loss as set forth herein.

31.    Defendants' conduct in the packaging, warning, marketing, advertising, promotion, distribution, and sale of Defendants' product Bextra, was committed with knowing, conscious, and deliberate disregard for the rights and safety of consumers such as Plaintiff, thereby entitling Plaintiff to punitive damages in an amount to be determined at trial that is appropriate to punish Defendants and deter them from similar conduct in the future.

THE MILLER FIRM, LLC
The Sherman Building
108 Railroad Avenue
Orange, Virginia 22960
(540) 672-4224
(540) 672-3055 facsimile

## SECOND CLAIM FOR RELIEF
## STRICT PRODUCT LIABILITY – DEFECT IN DESIGN OR MANUFACTURE

32.    Plaintiff incorporates by reference each and every paragraph of this complaint as though set forth in full in this cause of action.

33.    Defendants were the manufacturers, sellers, distributors, marketers, and/or suppliers of Defendants' product Bextra, which was defective and unreasonably dangerous to consumers.

34.    Defendants' product Bextra was sold, distributed, supplied, manufactured, marketed, and/or promoted by Defendants, and was expected to reach and did reach consumers without substantial change in the condition in which it was manufactured and sold by Defendants.

35.    The product Bextra manufactured, supplied, and/or sold by Defendants was defective in design or formulation in that when it left the hands of the manufacturers and/or sellers and was unreasonably dangerous in that its foreseeable risks exceeded the benefits associated with its design or formulation, the foreseeable risks exceeded the benefits associated with the designs or formulations of the product.

36.    Upon information and belief, Defendants actually knew of the defective nature of Defendants' product Bextra but continued to design, manufacture, market, and sell it so as to maximize sales and profits at the expense of the public health and safety, in conscious disregard of the foreseeable harm caused by Defendants' product Bextra.

37.    There were safer alternative methods and designs for the like product.

38.    At all times material, Bextra was designed, tested, inspected, manufactured, assembled, developed, labeled, sterilized, licensed, marketed, advertised, promoted, sold,

THE MILLER FIRM, LLC
The Sherman Building
108 Railroad Avenue
Orange, Virginia 22960
(540) 672-4224
(540) 672-3055 facsimile

9

packaged, supplied and/or distributed by Defendants in a defective and unreasonably dangerous condition in ways which include, but are not limited to, one or more of the following:

a.  When placed in the stream of commerce, the drug contained unreasonably dangerous design defects and was not reasonably safe and fit for its intended or reasonably foreseeable purpose or as intended to be used, thereby subjecting users and/or consumers of the drug, including plaintiff, to risks which exceeded the benefits of the drug;

b.  The drug was insufficiently tested;

c.  The drug caused harmful side effects that outweighed any potential utility;

d.  The drug was not accompanied by adequate labeling, instructions for use and/or earnings to fully apprise the medical, pharmaceutical and/or scientific communities, and users and/or consumers of the drug, including plaintiff, of the potential risks and serious side effects associated with its use, thereby rendering Defendant liable to the plaintiff.

e.  In light of the potential and actual risk of harm associated with the drug's use, a reasonable person who had actual knowledge of this potential and actual risk of harm would have concluded that Bextra should not have been marketed in that condition.

39.   At all times material, the drug Bextra was designed, tested, inspected, manufactured, assembled, developed, labeled, sterilized, licensed, marketed, advertised, promoted, sold, packaged, supplied and/or distributed, it was expected to reach, and did reach, users and/or consumers of the drug across the United Sates, including plaintiff, without substantial change in the defective and unreasonably dangerous condition in which it was sold.

THE MILLER FIRM, LLC
The Sherman Building
108 Railroad Avenue
Orange, Virginia 22960
(540) 672-4224
(540) 672-3055 facsimile

10

40.    At all times, plaintiff used Bextra for its intended or reasonably foreseeable purpose. As a direct, legal proximate and producing result of the defective and unreasonably dangerous condition of Bextra, plaintiff has sustained harm, including, among other things, acute, permanent and debilitating injuries, for which plaintiff is entitled to damages. These injuries have caused extensive pain and suffering, severe emotional distress, substantially reduced plaintiff's ability to enjoy life, and caused plaintiff to expend substantial sums of money for medical, hospital and related care.

41.    As a direct, legal, proximate and producing result of Defendants' defective and unreasonably dangerous design and manufacturer of Bextra, plaintiff has been injured in health, strength and activity and has suffered physical injuries as well as mental anguish. All of said injuries caused plaintiff intense anxiety, distress, fear, pain and suffering secondary to physical injury and damages, for which plaintiff is entitled to damages.

42.    As a direct, legal, proximate and producing result of the defective and unreasonably dangerous condition, plaintiff required reasonable and necessary health care treatment and services and incurred expenses for which plaintiff is entitled to damages.

43.    As a direct, legal,  proximate and producing result of Defendants' manufacture and sale of defective and unreasonably dangerous Bextra,  Plaintiff has suffered, and will continue to suffer injury and harm, including extreme pain and suffering, severe emotional distress, reduced ability to enjoy life, permanent and debilitating injuries as previously alleged herein, including ascertainable economic loss, including the purchase price of Defendants' product Bextra, substantial sums of money for medical tests and treatment, hospital, and related care, future medical care and/or services, all to Plaintiff's general damage and other costs incidental to Plaintiff's ingestion of harmful and defective products, as well as other damages.

THE MILLER FIRM. LLC
The Sherman Building
108 Railroad Avenue
Orange, Virginia 22960
(540) 672-4224
(540) 672-3055 facsimile

Upon information and belief, Plaintiff will be required to obtain medical and/or hospital care, attention, and services in an amount as yet unascertained. As a result of the acts and omissions of Defendants, on or about September 20, 2006, Plaintiff suffered severe, painful and permanent injuries, specifically a Stevens-Johnson Syndrome and resultant injury, harm and economic loss as set forth herein.

44.    Defendants' aforementioned conduct was committed with knowing, conscious, and deliberate disregard for the rights and safety of consumers such as Plaintiff, including Defendants' knowingly withholding and/or misrepresenting information to the public including Plaintiff, which information was material and relevant to the harm in question, punitive damages in an amount to be determined at trial that are appropriate to punish Defendants and deter them from similar conduct in the future.

### THIRD CLAIM FOR RELIEF
### FRAUD

45.    Plaintiff incorporates by reference each and every paragraph of this complaint as though set forth in full in this cause of action.

46.    At all material times, Defendants were engaged in the business of manufacturing, marketing, distributing, promoting, and selling Defendants' product Bextra.

47.    Defendants made misrepresentations of material facts to, and omitted and/or concealed material facts from, Plaintiff and her prescribing physician in the advertising, marketing, distribution and sale of Defendants' product Bextra regarding its safety and use.

48.    Defendants deliberately and intentionally misrepresented to, and omitted and/or concealed material facts from, consumers, including Plaintiff, and prescribing physicians, that Defendants' product Bextra was safe when used as intended.    Such misrepresentations, omissions, and concealments of facts include, but are not limited to:

THE MILLER FIRM, LLC
The Sherman Building
108 Railroad Avenue
Orange, Virginia 22960
(540) 672-4224
(540) 672-3055 facsimile

12

a.      Failing to disclose, and/or intentionally concealing, the results of tests showing the potential risks of serious skin reactions, exfoliative dermatitis, erythema multiforme, Stevens-Johnson Syndrome, toxic epidermal necrolysis, and other injuries associated with the use of Defendants' product Bextra;

b.      Failing to include adequate warnings with Defendants' product Bextra about the potential and actual risks and the nature, scope, severity, and duration of serious adverse effects of Defendants' product Bextra;

c.      Concealing and/or providing false or inaccurate information regarding the known risks of serious skin reactions, exfoliative dermatitis, erythema multiforme, Stevens-Johnson Syndrome, toxic epidermal necrolysis, and other risks associated with Defendants' product Bextra; and

d.      Concealing the known incidents of serious skin reactions, exfoliative dermatitis, erythema multiforme, Stevens-Johnson Syndrome, toxic epidermal necrolysis, and other injuries, as previously alleged herein.

49.     Defendants intentionally concealed facts known to them, as alleged herein, in order to ensure increased sales of Defendants' product Bextra.

50.     Defendants had a duty to disclose the foregoing risks and failed to do so, despite possession of information concerning those risks.  Defendants' representations that Defendants' product Bextra was safe for its intended purpose were false, as Defendants' product Bextra was, in fact, dangerous to the health of Plaintiff.  Moreover, Defendants knew that their statements were false, knew of incidents of serious injuries, such as serious skin reactions, exfoliative dermatitis, erythema multiforme, Stevens-Johnson Syndrome, toxic epidermal necrolysis, and knew that their omissions rendered their statements false or misleading.

THE MILLER FIRM, LLC
The Sherman Building
108 Railroad Avenue
Orange, Virginia 22960
(540) 672-4224
(540) 672-3055 facsimile

13

51.    Further, Defendants failed to exercise reasonable care in ascertaining the accuracy of the information regarding the safe use of Defendants' product Bextra, and failed to disclose that Defendants' product Bextra caused serious skin reactions, exfoliative dermatitis, erythema multiforme, Stevens-Johnson Syndrome, toxic epidermal necrolysis, among other serious adverse effects.    Defendants also failed to exercise reasonable care in communicating the information concerning Defendants' product Bextra to Plaintiff, and/or concealed facts that were known to Defendants.

52.    Plaintiff was not aware of the falsity of the foregoing representations, nor was Plaintiff aware that material facts concerning the safety of Defendants' product Bextra had been concealed or omitted.    In reliance upon Defendants' misrepresentations (and the absence of disclosure of the serious health risks), Plaintiff ingested Defendants' product Bextra.    Had Plaintiff known the true facts concerning the risks associated with Defendants' product Bextra, she would not have taken it.

53.    The reliance by Plaintiff upon Defendants' misrepresentations was justified because said misrepresentations and omissions were made by individuals and entities that were in a position to know the true facts concerning Defendants' product Bextra.    Plaintiff was not in a position to know the true facts because Defendants aggressively promoted the use of Defendants' product Bextra and concealed the risks associated with their use, thereby inducing Plaintiff and her prescribing physician to use Defendants' product Bextra.

54.    As a direct, legal,  proximate and producing result of Defendants' deliberate and intentional misrepresentations, omissions, and / or concealment of material facts, Plaintiff has suffered, and will continue to suffer injury and harm, including extreme pain and suffering, severe emotional distress, reduced ability to enjoy life, permanent and debilitating injuries as

THE MILLER FIRM, LLC
The Sherman Building
108 Railroad Avenue
Orange, Virginia 22960
(540) 672-4224
(540) 672-3055 facsimile

14

previously alleged herein, including ascertainable economic loss, including the purchase price of Defendants' product Bextra, substantial sums of money for medical tests and treatment, hospital, and related care, future medical care and/or services, all to Plaintiff's general damage and other costs incidental to Plaintiff's ingestion of harmful and defective products, as well as other damages. Upon information and belief, Plaintiff will be required to obtain medical and/or hospital care, attention, and services in an amount as yet unascertained. As a result of the acts and omissions of Defendants, on or about September 20, 2006, Plaintiff suffered severe, painful and permanent injuries, specifically a Stevens-Johnson Syndrome and resultant injury, harm and economic loss as set forth herein.

55.    Defendants' conduct in concealing material facts and making the foregoing misrepresentations, as alleged herein, was committed with conscious or reckless disregard of the rights and safety of consumers such as Plaintiff, thereby entitling Plaintiff to punitive damages in an amount to be determined at trial that is appropriate to punish Defendants and deter them from similar conduct in the future.

## FOURTH CLAIM FOR RELIEF
## BREACH OF IMPLIED WARRANTY

56.    Plaintiff incorporates by reference each and every paragraph of this complaint as though set forth in full in this cause of action.

57.    Defendants manufactured, marketed, sold, and distributed Defendants' product Bextra.

58.    At the time Defendants marketed, sold, and distributed Defendants' product Bextra for use by Plaintiff, Defendants knew of the purpose for which Defendants' product Bextra was intended and impliedly warranted Defendants' product Bextra to be of merchantable quality and safe and fit for such use.

THE MILLER FIRM, LLC
The Sherman Building
108 Railroad Avenue
Orange, Virginia 22960
(540) 672-4224
(540) 672-3055 facsimile

59.    Plaintiff and her prescribing physician reasonably relied on the skill, superior knowledge, and judgment of Defendants as to whether Defendants' product Bextra was of merchantable quality and safe and fit for its intended use.

60.    Plaintiff used Defendants' product Bextra which was provided to Plaintiff's prescribing physician by the Defendants.    Due to Defendants' wrongful conduct as alleged herein, Plaintiff could not have known about the risks and side effects associated with Defendants' product Bextra until after Plaintiff ingested it.

61.    Contrary to such implied warranty, Defendants' product Bextra was not of merchantable quality and was not safe nor fit for its intended use.

62.    As a direct, legal, proximate and producing result of Defendants' manufacturer, marketing, sale, and distribution of the product Bextra which was not of merchantable quality nor safe and fit for its intended use, Plaintiff has suffered, and will continue to suffer injury and harm, including extreme pain and suffering, severe emotional distress, reduced ability to enjoy life, permanent and debilitating injuries as previously alleged herein, including ascertainable economic loss, including the purchase price of Defendants' product Bextra, substantial sums of money for medical tests and treatment, hospital, and related care, future medical care and/or services, all to Plaintiff's general damage and other costs incidental to Plaintiff's ingestion of harmful and defective products, as well as other damages.  Upon information and belief, Plaintiff will be required to obtain medical and/or hospital care, attention, and services in an amount as yet unascertained. As a result of the acts and omissions of Defendants, on or about September 20, 2006, Plaintiff suffered severe, painful and permanent injuries, specifically a Stevens-Johnson Syndrome and resultant injury, harm and economic loss as set forth herein.

THE MILLER FIRM, LLC
The Sherman Building
108 Railroad Avenue
Orange, Virginia 22960
(540) 672-4224
(540) 672-3055 facsimile

63.    Defendants' aforementioned conduct was committed with knowing, conscious, and deliberate disregard for the rights and safety of consumers such as Plaintiff, thereby entitling Plaintiff to punitive damages in an amount to be determined at trial that is appropriate to punish Defendants and deter them from similar conduct in the future.

## FIFTH CLAIM FOR RELIEF
## BREACH OF EXPRESS WARRANTY

64.    Plaintiff repeats and incorporates herein by reference the allegations made in the above Paragraphs.

65.    Defendant expressly warranted that Bextra was safe and well accepted by patients and was safe for long-term use.

66.    Bextra does not conform to these express representations because Bextra is not safe and has high levels of serious, life-threatening side effects.

67.    As a direct, legal, proximate and producing  result of the breach of said warranties, Plaintiff has suffered, and will continue to suffer injury and harm, including extreme pain and suffering, severe emotional distress, reduced ability to enjoy life, permanent and debilitating injuries as previously alleged herein, including ascertainable economic loss, including the purchase price of Defendants' product Bextra, substantial sums of money for medical tests and treatment, hospital, and related care, future medical care and/or services, all to Plaintiff's general damage and other costs incidental to Plaintiff's ingestion of harmful and defective products, as well as other damages.  Upon information and belief, Plaintiff will be required to obtain medical and/or hospital care, attention, and services in an amount as yet unascertained. As a result of the acts and omissions of Defendants, on or about September 20, 2006, Plaintiff suffered severe, painful and permanent injuries, specifically a Stevens-Johnson Syndrome and resultant injury, harm and economic loss as set forth herein.

THE MILLER FIRM, LLC
The Sherman Building
108 Railroad Avenue
Orange, Virginia 22960
(540) 672-4224
(540) 672-3055 facsimile

17

## SIXTH CLAIM FOR RELIEF
## NEGLIGENCE

68.     Plaintiff incorporates by reference each and every paragraph of this complaint as though set forth in full in this cause of action.

69.     Defendants owed a duty to consumers of Defendants' product Bextra, including Plaintiff, to use reasonable care in designing, testing, labeling, manufacturing, marketing, supplying, distribution and selling Defendants' product Bextra, including a duty to ensure that Defendants' product Bextra did not cause users to suffer from unreasonable, unknown, and/or dangerous side effects.

70.     Defendants failed to exercise reasonable care in the warning about, designing, testing, labeling, manufacture, marketing, sale, and/or distribution of Defendants' product Bextra and breached their duties to Plaintiff in that, and not by way of limitation, they did not warn of the known risks associated with the use of Defendants' product Bextra and did not exercise an acceptable standard of care, i.e., what a reasonably prudent manufacturer or seller would have known and warned about.  Moreover, the product lacked sufficient warnings of the hazards and dangers to users of said product, and failed to provide safeguards to prevent the injuries sustained by Plaintiff.  Defendants failed to properly test Defendants' product Bextra prior to its sale, and as a result subjected users to an unreasonable risk of injury when those products were used as directed and recommended.

71.     Defendants additionally breached their duty and were negligent in their actions, misrepresentations, and omissions toward Plaintiff, in part, in the following ways:

a.      Failed to exercise due care in designing, developing, and manufacturing Defendants' product Bextra so as to avoid the aforementioned risks to individuals using these products;

THE MILLER FIRM, LLC
The Sherman Building
108 Railroad Avenue
Orange, Virginia 22960
(540) 672-4224
(540) 672-3055 facsimile

18

b.      Failed to include adequate warnings with Defendants' product Bextra that would alert Plaintiff and other consumers to its potential risks and serious side effects;

c.      Failed to adequately and properly test Defendants' product Bextra before placing it on the market;

d.      Failed to conduct sufficient testing on Defendants' product Bextra, which if properly performed, would have shown that Defendants' product Bextra had serious side effects, including, but not limited to, serious skin reactions, exfoliative dermatitis, erythema multiforme, Stevens-Johnson Syndrome, toxic epidermal necrolysis, and other serious side effects;

e.      Failed to adequately warn Plaintiff that use of Defendants' product Bextra carried a risk of serious skin reactions, exfoliative dermatitis, erythema multiforme, Stevens-Johnson Syndrome, toxic epidermal necrolysis, and other serious side effects;

f.      Failed to provide adequate post-marketing warnings or instructions after Defendants knew, or should have known, of the significant risks of reactions from the use of Defendants' product Bextra;

g.      Placed an unsafe product into the stream of commerce; and

h.      Were otherwise careless or negligent.

72.     Defendants knew, or should have known, that Defendants' product Bextra caused unreasonably dangerous risks and serious side effects of which Plaintiff would not be aware. Defendants nevertheless advertised, marketed, sold and/or distributed Defendants' product Bextra knowing of its unreasonable risks of injury.

THE MILLER FIRM, LLC
The Sherman Building
108 Railroad Avenue
Orange, Virginia 22960
(540) 672-4224
(540) 672-3055 facsimile

73.    Defendants knew or should have known that consumers such as Plaintiff would suffer injury as a result of Defendants' failure to exercise reasonable care as described above.

74.    Upon information and belief, Defendants knew or should have known of the defective nature of Defendants' product Bextra, as set forth herein, but continued to design, manufacture, market, and sell Defendants' product Bextra so as to maximize sales and profits at the expense of the health and safety of the public, including Plaintiff, in conscious and/or negligent disregard of the foreseeable harm caused by Defendants' product Bextra.

75.    Defendants failed to disclose to the Plaintiff and the general public facts known or available to them, as alleged herein, in order to ensure continued and increased sales of Defendants' product Bextra. This failure to disclose deprived Plaintiff of the information necessary for her to weigh the true risks of taking Defendants' product Bextra against the benefits.

76.    As a direct and proximate result of Plaintiff's use of Defendants' product Bextra, Plaintiff suffered serious bodily injury including, but not limited to, Stevens-Johnson Syndrome, erythema multiforme, severe adverse reaction, and skin disorder.

77.    By virtue of Defendants' negligence, Defendants has directly, foreseeably and proximately caused Plaintiff to suffer serious bodily injury. As a result, the imposition of punitive damages against Defendants is warranted.

78.    As a direct and proximate result of Defendants' negligence, Plaintiff has suffered, and will continue to suffer injury and harm, including extreme pain and suffering, severe emotional distress,   reduced ability to enjoy life, permanent and debilitating injuries as previously alleged herein, including ascertainable economic loss, including the purchase price of Defendants' product Bextra, substantial sums of money for medical tests and treatment, hospital,

THE MILLER FIRM, LLC
The Sherman Building
108 Railroad Avenue
Orange, Virginia 22960
(540) 672-4224
(540) 672-3055 facsimile

and related care, future medical care and/or services, all to Plaintiff's general damage and other costs incidental to Plaintiff's ingestion of harmful and defective products, as well as other damages. Upon information and belief, Plaintiff will be required to obtain medical and/or hospital care, attention, and services in an amount as yet unascertained.

79.    As a result of the acts and omissions of Defendants, on or about September 20, 2006, Plaintiff suffered severe, painful and permanent injuries, specifically a Stevens-Johnson Syndrome and resultant injury, harm and economic loss as set forth herein.

## SEVENTH CLAIM FOR RELIEF
## GROSS NEGLIGENCE

80.    Plaintiff incorporates by reference each and every paragraph of this complaint as though set forth in full in this cause of action.

81.    Defendants had a duty to exercise reasonable care in the warning about, design, testing, manufacture, marketing, labeling, sale, and/or distribution of Defendants' product Bextra, including a duty to ensure that Defendants' product Bextra did not cause users to suffer from unreasonable and dangerous side effects.

82.    Defendants failed to exercise reasonable care in the warning about, design, testing, manufacture, marketing, labeling, sale, and/or distribution of Defendants' product Bextra, in that Defendants knew or should have known that taking Defendants' product Bextra caused unreasonable and life-threatening injuries, as alleged herein.

83.    Defendants were grossly negligent in the warning about, design, testing, manufacture, marketing, labeling, sale, and/or distribution of Defendants' product Bextra in that they:

THE MILLER FIRM, LLC
The Sherman Building
108 Railroad Avenue
Orange, Virginia 22960
(540) 672-4224
(540) 672-3055 facsimile

a.  failed to provide adequate warnings with Defendants' product Bextra and its possible risks and adverse effects as well as the comparative severity and duration of such adverse effects;

b.  failed to exercise due care in designing, developing, and manufacturing Defendants' product Bextra so as to avoid the aforementioned risks to individuals;

c.  placed unsafe product into the stream of commerce; and

d.  were otherwise grossly negligent.

84.    Although Defendants knew, or recklessly disregarded, the fact that Defendants' product Bextra caused potentially lethal side effects, Defendants continued to market Defendants' product Bextra to consumers, including Plaintiff, without disclosing these side effects.

85.    Defendants knew and/or consciously or recklessly disregarded the fact that consumers such as Plaintiff would suffer injury as a result of Defendants' failure to exercise reasonable care as described above.

86.    Defendants knew of or recklessly disregarded the defective nature of Defendants' product Bextra, as set forth herein, but continued to design, manufacture, market, and sell Defendants' product Bextra so as to maximize sales and profits at the expense of the health and safety of the public, including Plaintiff, in conscious and/or reckless disregard of the foreseeable harm caused by Defendants' product Bextra.

87. As a direct and proximate result of the gross negligence, willful and wanton misconduct, or other wrongdoing and actions of Defendants described herein, which constitute a deliberate act or omission with knowledge of a high degree probability of harm and reckless indifference to the consequences, Plaintiff has suffered, and will continue to suffer injury and harm, including extreme pain and suffering, severe emotional distress, reduced ability to enjoy

THE MILLER FIRM, LLC
The Sherman Building
108 Railroad Avenue
Orange, Virginia 22960
(540) 672-4224
(540) 672-3055 facsimile

22

life, permanent and debilitating injuries as previously alleged herein, including ascertainable economic loss, including the purchase price of Defendants' product Bextra, substantial sums of money for medical tests and treatment, hospital, and related care, future medical care and/or services, all to Plaintiff's general damage and other costs incidental to Plaintiff's ingestion of harmful and defective products, as well as other damages. Upon information and belief, Plaintiff will be required to obtain medical and/or hospital care, attention, and services in an amount as yet unascertained. As a result of the acts and omissions of Defendants, on or about September 20, 2006, Plaintiff suffered severe, painful and permanent injuries, specifically a Stevens-Johnson Syndrome and resultant injury, harm and economic loss as set forth herein. In addition, Plaintiff has been rendered sick, sore, lame, and disabled, both internally and externally. All of said injuries have caused and continue to cause Plaintiff intense anxiety, distress, fear, pain, suffering, and distress secondary to the physical injury and damages. In addition, Plaintiff has suffered other injuries; the exact nature and extent are not known at this time.

88.    As a direct and proximate result of the gross negligence, willful and wanton misconduct, or other wrongdoing and actions of Defendants, which constitute a deliberate act or omission with knowledge of a high degree probability of harm and reckless indifference to the consequences, Plaintiff will in the future be required to obtain medical and/or hospital care, attention, and services. As a result, Plaintiff may incur expenses for such health care treatment in an amount as yet unascertained.

89.    Defendants' aforementioned conduct was committed with knowing, conscious, and/or deliberate disregard for the rights and safety of consumers such as Plaintiff, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish Defendants and deter them from similar conduct in the future. Defendants continued to promote the efficacy and

THE MILLER FIRM, LLC
The Sherman Building
108 Railroad Avenue
Orange, Virginia 22960
(540) 672-4224
(540) 672-3055 facsimile

safety of Defendants' product Bextra, while providing little or no warnings, and downplayed any risks, even after Defendants knew of the risks and injuries associated with their use.

## EIGHTH CLAIM FOR RELIEF
## UNJUST ENRICHMENT

90. Plaintiff repeats and reiterates the allegations previously set forth herein.

91. To the detriment of Plaintiffs the Defendants have been, and continue to be, unjustly enriched as a result of the unlawful and/or wrongful collection of, inter alia, payments for Bextra.

92. Plaintiffs were injured by the cumulative and indivisible nature of the Defendants' conduct. The cumulative effect of the Defendants' conduct directed at physicians and consumers was to artificially create a demand for Bextra at an artificially inflated price. Each aspect of the Defendants' conduct combined to artificially create sales of Bextra.

93. The Defendants have unjustly benefited through the unlawful and/or wrongful collection of, inter alia, payments for Bextra and continue to so benefit to the detriment and at the expense of Plaintiffs.

94. Accordingly, Plaintiffs seek full disgorgement and restitution of the Defendants' enrichment, benefits, and ill-gotten gains acquired as a result of the unlawful and/or wrongful conduct alleged herein.

95. WHEREFORE, Plaintiff demands judgment against Defendants for compensatory, treble, and punitive damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

## NINTH CLAIM FOR RELIEF
## PUNITIVE DAMAGES

96. Plaintiff repeats and reiterates the allegations previously set forth herein.

THE MILLER FIRM, LLC
The Sherman Building
108 Railroad Avenue
Orange, Virginia 22960
(540) 672-4224
(540) 672-3055 facsimile

97. At all times material hereto, the Defendants knew or should have known that the subject product was inherently more dangerous with respect to the risk of Stevens-Johnson Syndrome than alternative treatments for arthritis pain.

98. At all times material hereto, the Defendants attempted to misrepresent and did misrepresent facts concerning the safety of the subject product.

99. Defendants' misrepresentations included knowingly withholding material information from the medical community and the public, including the Plaintiff herein, concerning the safety of the subject product.

100.    At all times material hereto, the Defendants knew and recklessly disregarded the fact that Bextra causes debilitating and potentially lethal side effects with greater frequency than safer alternative methods of treatment for arthritis pain.

101.    Notwithstanding the foregoing, the Defendants continued to aggressively market the subject product to consumers, including the Plaintiff herein, without disclosing the aforesaid side effects when there were safer alternative methods of treatment for arthritis pain.

102.    The Defendants knew of the subject product's defective and unreasonably dangerous nature, as set forth herein, but continued to design, develop, manufacture, market, distribute and sell it so as to maximize sales and profits at the expense of the health and safety of the public, including the Plaintiff herein, in conscious and/or negligent disregard of the foreseeable harm caused by Bextra.

103.    Defendants intentionally concealed and/or recklessly failed to disclose to the public, including the Plaintiff herein, the potentially life threatening side effects of Bextra in order to ensure continued and increased sales.

THE MILLER FIRM, LLC
The Sherman Building
108 Railroad Avenue
Orange, Virginia 22960
(540) 672-4224
(540) 672-3055 facsimile

104.   The Defendants' intentional and/or reckless failure to disclose information deprived the Plaintiff of necessary information to enable Plaintiff to weight the true risks of using the subject product against its benefits.

105.   As a direct and proximate result of the Defendants' conscious and deliberate disregard for the rights and safety of consumers such as the Plaintiff, the Plaintiff suffered severe and permanent physical injuries.  The Plaintiff has endured substantial pain and suffering and has undergone extensive medical and surgical procedures.  Plaintiff has incurred significant expenses for medical care and treatment, and will continue to incur such expenses in the future.  The Plaintiff has lost past earnings and has suffered a loss of earning capacity.  The Plaintiff has suffered and will continue to suffer economic loss, and has otherwise been physically, emotionally and economically injured.  The Plaintiff's injuries and damages are permanent and will continue into the future.

106.   The aforesaid conduct of Defendants was committed with knowing, conscious, and deliberate disregard for the rights and safety of consumers, including the Plaintiff herein, thereby entitling the Plaintiff to punitive damages in an amount appropriate to punish the Defendants and deter them from similar conduct in the future.

107.   WHEREFORE, Plaintiff demands judgment against Defendants for compensatory, treble, and punitive damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

THE MILLER FIRM, LLC
The Sherman Building
108 Railroad Avenue
Orange, Virginia 22960
(540) 672-4224
(540) 672-3055 facsimile

a.     Awarding actual and compensatory damages to Plaintiff incidental to Plaintiff's purchase and ingestion of Defendants' product Bextra in an amount to be determined at trial;

b.     Awarding punitive damages to Plaintiff;

c.     Awarding pre-judgment and post-judgment interest to Plaintiff;

d.     Awarding the costs and expenses of this litigation to Plaintiff;

e.     Awarding reasonable attorneys' fees and costs to Plaintiff as provided by law; and

f.     For such further relief as this Court deems necessary, just, and proper.

## DEMAND FOR JURY TRIAL

The Plaintiff demands a trial by jury as to all issues of material fact.

Dated: May 2, 2008          Respectfully submitted,

THE MILLER FIRM, LLC

By: _____

MICHAEL J. MILLER VSB #19171
Peter A. Miller VSB #47822
108 Railroad Ave.
Orange, VA 22960
Phone: (540) 672-4224
Fax: (540) 672-3055
Email: pmiller@doctoratlaw.com

*Attorney for Plaintiff*

THE MILLER FIRM, LLC
The Sherman Building
108 Railroad Avenue
Orange, Virginia 22960
(540) 672-4224
(540) 672-3055 facsimile

```
Court Name: EASTERN DISTRICT OF VIRGINIA
Division: 1
Receipt Number: 100000402
Cashier ID: fcansler
Transaction Date: 05/06/2008
Payer Name: THE MILLER FIRM, LLC
-----------------------------------
CIVIL FILING FEE
 For: THE MILLER FIRM, LLC
 Amount:        $350.00
-----------------------------------
CHECK
 Check/Money Order Num: 1328
 Amt Tendered: $350.00
-----------------------------------
Total Due:        $350.00
Total Tendered: $350.00
Change Amt:        $0.00

NEW SUIT  08-CV-436
```

# The Miller Firm LLC
### TRIAL LAWYERS

Michael J. Miller – VA, MD, DC, PA
Christopher A. Gomez – PA, VA
Gary A. Godard – VA, MD, DC
Bruce D. Burtoff, M.D., J.D. – VA, DC, FL, MS
Peter A. Miller – VA
Michele A. DiMartino – PA, NJ
Danielle L. Bridgeforth – VA
Lita Zaso-Bechara – VA
David C. Andersen – CA
David J. Dickens – VA
Kristina M. Gigstad – MN
Jan Seabaugh - VA

**The Sherman Building**
**108 Railroad Avenue**
**Orange, Virginia 22960**
Marjorie Graziano, RN, MSN, FNP-C
Jennifer Miller, R.N.
Nancy Leftwich, R.N.
Website: doctoratlaw.com
Telephone: (540) 672-4224
(866) 529-3323
Facsimile: (540) 672-3055

*Of Counsel*
Nancy Guy Armstrong – MS

May 02, 2008



**VIA FEDERAL EXPRESS**

Albert V. Bryan, Clerk
US District Court, Eastern
   District of VA, Alexandria Division
U.S. Courthouse
401 Courthouse Square
Alexandria, VA 22314

Re:    **Chantay Y. Kennedy v. Pharmacia Corporation and Pfizer, Inc.**

Dear Mr. Bryan:

Enclosed please find our check in the amount of $350.00 along with an original and three copies of the Complaint Civil Cover Sheet and Summons for filing in the above matter. I would appreciate you issuing the Summonses and returning to me in the enclosed self-addressed stamped envelope for service via private process server.

If you have any questions or need additional information, please feel free to call me.

Very truly yours,

THE MILLER FIRM, LLC

Richard M. Mayer,
Paralegal to Michael J. Miller

:rmm
Enclosure

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

FILED
MAILROOM

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Chantay Y. Kennedy | Pharmacia Corporation and Pfizer, Inc. |

| (b) County of Residence of First Listed Plaintiff  **Fairfax** | County of Residence of First Listed Defendant  **Somerset** |
|---|---|
| (EXCEPT IN U.S. PLAINTIFF CASES) | (IN U.S. PLAINTIFF CASES ONLY) |
| | NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |

| (c) Attorney's (Firm Name, Address, and Telephone Number) | Attorneys (If Known) |
|---|---|
| | |

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☒ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): **28 U.S.C. section 1332**

Brief description of cause: **Products Liability**

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):  JUDGE _____  DOCKET NUMBER _____

DATE  **5/2/08**

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____